UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN CALLAHAN                                         CIVIL ACTION

VS.                                                                    NO. 2:22-CV-04759

UNUM LIFE INSURANCE COMPANY OF AMERICA

## COMPLAINT

The Complaint of Norman Callahan respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001, et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Norman Callahan**, of lawful age and a resident of Abbeville, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Total Safety U. S., Inc. and an insured participant of a group disability policy issued by Unum Life Insurance Company of America.

4. **Defendant, Unum Life Insurance Company of America ("Unum")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Unum is incorporated in Portland, Maine, and its principal place of business is in the state of Maine.

5. Unum issued a group policy insuring the employees of Total Safety U.S., Inc. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 U.S.C. Sec. 1104(a)(1).

7. Mr. Callahan worked as a safety technician for Total Satety U.S. Inc. His job required frequent sitting, frequent standing, climbing ladders, scaffolds, lifting up to 30 lbs, etc, among other strenuous job duties.

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis as well as the duties of alternative occupations on a fulltime basis.

9. Plaintiff is disabled under the terms of the disability policy issued by Unum.

10. Mr. Callahan was forced to stop working due to debilitating cellulitis, sepsis, and acute renal failure. Ms. Callahan also suffers from severe diabetes with a history of multiple toe amputations. He also suffers from degenerative disk disease with severe stenosis.

11. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

12. Unum wrongfuly denied Plaintiff benefits he is entitled to under terms of the disability policy.

13. Plaintiff appealed the denial, but Unum upheld its previous decision.

14. Unum's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

15. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Unum's denial of benefits.

16. Unum administered Plaintiff's claim with an inherent and structural conflict of interest as Unum is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Unum's assets.

17. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

18. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

19. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to his under the Plan.

20. The standard of review in this matter is de novo, as the policy was issued and delivered in Texas, so Texas's ban on discretionary clauses applies.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan L. Toledano
Reagan L. Toledano (La. 29687)
Willeford & Toledano
201 St. Charles Ave., Suite 3206
New Orleans, LA 70170
Phone: (504) 582-1286
Fax: (313)692-5927
Email: reagan@toledanolaw.com